Hon. David G. Estudillo

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

GUSTAVO QUIROZ, individually and for others similarly situated,

Plaintiff,

v.

GEORGIA-PACIFIC CORRUGATED LLC, a Delaware Limited Liability Company authorized to conduct business in the State of Washington, GEORGIA-PACIFIC CONSUMER PRODUCTS LP, a Delaware Limited Liability Company authorized to conduct business in the State of Washington, GEORGIA-PACIFIC GYPSUM LLC, a Delaware Limited Liability Company authorized to conduct business in the State of Washington, GEORGIA-PACIFIC WEST LLC, a Delaware Limited Liability Company authorized to conduct business in the State of Washington, GEORGIA-PACIFIC WFS LLC, a Delaware Limited Liability Company authorized to conduct business in the State of Washington, and DOES 1 through 100, inclusive,

Defendants.

Case No. 3:26-cv-05986 DGE

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF**

Defendants Georgia-Pacific Corrugated LLC, Georgia-Pacific Consumer Products LP, Georgia-Pacific Gypsum LLC, Georgia-Pacific West LLC, Georgia-Pacific WFS LLC



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

("Defendants"), by and through their undersigned counsel, answer Plaintiff Gustavo Quiroz's ("Plaintiff") Complaint as follows:

## I. INTRODUCTION

1.1 Answering paragraph 1.1 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

1.2 Answering paragraph 1.2 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph. Defendants further deny that a class should be certified in this case.

## II. JURISDICTION AND VENUE

2.1 Answering paragraph 2.1 of Plaintiff's Complaint, the allegations in this paragraph call for a legal conclusion for which no response is required and on that basis Defendants deny. Defendants further deny that jurisdiction with the state court was proper as Defendants have removed the matter to federal court. Defendants admit that they conduct business in the State of Washington, are registered to conduct business in the State of Washington, and employ employees in the State of Washington, including in Thurston County. Defendants deny any remaining allegations in this paragraph.

2.2 Answering paragraph 2.2 of Plaintiff's Complaint, the allegations in this paragraph call for a legal conclusion for which no response is required and on that basis Defendants deny. Defendants further deny that venue is proper in Thurston County as Defendants have removed the matter to federal court.

2.3 Answering paragraph 2.3 of Plaintiff's Complaint, the allegations in this paragraph call for a legal conclusion for which no response is required and on that basis Defendants deny.

## III. PARTIES

3.1 Answering paragraph 3.1 of Plaintiff's Complaint, Defendants admit, upon information and belief, that Plaintiff Gustavo Quiroz is a resident of Washington. Defendants further admit that Plaintiff is a Multi-Craft Maintenance Technician and is a non-exempt employee for Defendant Georgia-Pacific Corrugated LLC. Defendants further admit that Plaintiff began



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

working for Defendant Georgia-Pacific Corrugated LLC on September 23, 2025, and that he returned from medical leave to fulltime work on October 1, 2026. Defendants deny any remaining allegations in this paragraph.

3.2 Answering paragraph 3.2 of Plaintiff's Complaint, Defendants admit that Defendant Georgia-Pacific Corrugated LLC is a limited liability company formed under the laws of the State of Delaware, and conducts business in Thurston County in Olympia, Washington. The remaining allegations in this paragraph call for a legal conclusion for which no response is required and on that basis Defendants deny.

3.3 Answering paragraph 3.3 of Plaintiff's Complaint, Defendants admit that Defendant Georgia-Pacific Consumer Products LP is a privately owned limited partnership formed under the laws of the State of Delaware, and conducts business in the State of Washington, including Thurston County. The remaining allegations in this paragraph call for a legal conclusion for which no response is required and on that basis Defendants deny.

3.4 Answering paragraph 3.4 of Plaintiff's Complaint, Defendants admit that Defendant Georgia-Pacific Gypsum LLC is a limited liability company formed under the laws of the State of Delaware, and conducts business in Pierce County in Tacoma, Washington. The remaining allegations in this paragraph call for a legal conclusion for which no response is required and on that basis Defendants deny.

3.5 Answering paragraph 3.5 of Plaintiff's Complaint, Defendants admit that Defendant Georgia-Pacific West LLC is a limited liability company formed under the laws of the State of Delaware, and conducts business in the State of Washington. The remaining allegations in this paragraph call for a legal conclusion for which no response is required and on that basis Defendants deny.

3.6 Answering paragraph 3.6 of Plaintiff's Complaint, Defendants admit that Defendant Georgia-Pacific WFS LLC is a limited liability company formed under the laws of the State of Delaware, and conducts business in the State of Washington. The remaining allegations



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

in this paragraph call for a legal conclusion for which no response is required and on that basis Defendants deny.

3.7 Answering paragraph 3.7 of Plaintiff's Complaint, the allegations in this paragraph call for a legal conclusion for which no response is required and on that basis Defendants deny.

3.8 Answering paragraph 3.8 of Plaintiff's Complaint, the allegations in this paragraph call for a legal conclusion for which no response is required and on that basis Defendants deny. Defendants are without sufficient knowledge or information as to the identities of DOES 1 through 100, identified in Plaintiff's Complaint. To the extent Plaintiff's Complaint alleges any allegations against DOES 1 through 100, herein or hereafter, Defendants are without sufficient knowledge or information to admit or deny such allegations, and on that basis, deny the same.[1]

## IV. JOINT LIABILITY ALLEGATIONS

4.1 Answering paragraph 4.1 of Plaintiff's Complaint, the allegations in this paragraph call for a legal conclusion for which no response is required and on that basis Defendants deny.

4.2 Answering paragraph 4.2 of Plaintiff's Complaint, the allegations in this paragraph call for a legal conclusion for which no response is required and on that basis Defendants deny.

4.3 Answering paragraph 4.3 of Plaintiff's Complaint, the allegations in this paragraph call for a legal conclusion for which no response is required and on that basis Defendants deny.

## V. SUMMARY OF FACTUAL ALLEGATIONS

5.1 Answering paragraph 5.1 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

5.2 Answering paragraph 5.2 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

[1] All responses contained within Defendants' Answer and Affirmative Defenses to Plaintiff's Class Action Complaint for Damages and Injunctive Relief are made on behalf of Defendants Georgia-Pacific Corrugated LLC, Georgia-Pacific Consumer Products LP, Georgia-Pacific Gypsum LLC, Georgia-Pacific West LLC, Georgia-Pacific WFS LLC ("Defendants"). Defendants are without sufficient knowledge or information as to the identities of defendant DOES 1 through 100, identified in Plaintiff's Complaint, and thus, Defendants make no responses on behalf of DOES 1 through 100.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

5.3 Answering paragraph 5.3 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph. To the extent the allegations in this paragraph call for a legal conclusion for which no response is required, Defendants deny on that basis.

5.4 Answering paragraph 5.4 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

5.5 Answering paragraph 5.5 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph. To the extent the allegations in this paragraph call for a legal conclusion for which no response is required, Defendants deny on that basis.

5.6 Answering paragraph 5.6 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

5.7 Answering paragraph 5.7 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

5.8 Answering paragraph 5.8 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

5.9 Answering paragraph 5.9 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

5.10 Answering paragraph 5.10 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph. Further, the referenced regulations and statute, WAC 296-128-010(6), WAC 296-126-050, and RCW 49.46.040(3), speak for themselves, and thus this allegation does not require a response. To the extent that any allegations are inconsistent with the text of the regulations and statute, Defendants deny them.

5.11 Answering paragraph 5.11 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph. Further, this paragraph contains what is purported to be a recitation of the law, which does not require a response. To the extent a response is required, Defendants deny such recitations to the extent they are inconsistent with Washington law.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

5.12 Answering paragraph 5.12 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

## VI. CLASS ACTION ALLEGATIONS

6.1 Answering paragraph 6.1 of Plaintiff's Complaint, Defendants deny that class action treatment is warranted in this case and deny the proposed definition of "Class, and "Class Members." The Washington Civil Rule 23 speaks for itself. To the extent that any allegations are inconsistent with the text of the Rule, Defendants deny them.

6.2 Answering paragraph 6.2 of Plaintiff's Complaint, the allegations in this paragraph call for a legal conclusion for which no response is required and on that basis Defendants deny. Defendants are without sufficient knowledge or information to admit or deny the allegations related to Plaintiff's knowledge, belief, or information, and therefore deny the same.

6.3 Answering paragraph 6.3 of Plaintiff's Complaint, Defendants deny that a class should be certified in this case. The allegations in this paragraph, including subparts a-r, call for a legal conclusion for which no response is required and on that basis Defendants deny.

6.4 Answering paragraph 6.4 of Plaintiff's Complaint, Defendants deny that a class should be certified in this case. Defendants admit that Plaintiff is a non-exempt employee for Defendant Georgia-Pacific Corrugated LLC. The allegations in this paragraph call for a legal conclusion for which no response is required and on that basis Defendants deny.

6.5 Answering paragraph 6.5 of Plaintiff's Complaint, Defendants deny that a class should be certified in this case. The allegations in this paragraph call for a legal conclusion for which no response is required and on that basis Defendants deny.

6.6 Answering paragraph 6.6 of Plaintiff's Complaint, Defendants deny that a class should be certified in this case. The allegations in this paragraph, including subparts a-d, call for a legal conclusion for which no response is required and on that basis Defendants deny.

6.7 Answering paragraph 6.7 of Plaintiff's Complaint, Defendants deny that a class should be certified in this case. As to the remaining allegations, Defendants lack the requisite



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

knowledge or information to form a belief as to the remaining allegations in this paragraph, and on that basis, deny the same.

6.8 Answering paragraph 6.8 of Plaintiff's Complaint, Defendants deny any and all allegations of wrongdoing. Defendants deny that a class should be certified in this case. The allegations in this paragraph call for a legal conclusion for which no response is required and on that basis Defendants deny.

## VII. INDIVIDUAL ALLEGATIONS

7.1 Answering paragraph 7.1 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore deny the same.

7.2 Answering paragraph 7.2 of Plaintiff's Complaint, Defendants admit that Plaintiff began working for Defendant Georgia-Pacific Corrugated LLC on September 23, 2025. Defendants deny the remaining allegations in this paragraph as written.

7.3 Answering paragraph 7.3 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore deny the same.

7.4 Answering paragraph 7.4 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore deny the same.

7.5 Answering paragraph 7.5 of Plaintiff's Complaint, the "Fitness for Duty" form speaks for itself and thus the paragraph does not require a response. To the extent that any allegations are inconsistent with the text of the "Fitness for Duty" form, Defendants deny them.

7.6 Answering paragraph 7.6 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore deny the same.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

7.7 Answering paragraph 7.7 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

7.8 Answering paragraph 7.8 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore deny the same.

7.9 Answering paragraph 7.9 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph. Defendants lack sufficient knowledge or information to admit or deny the allegations related to Plaintiff's state of mind, and therefore deny the same.

7.10 Answering paragraph 7.10 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore deny the same.

7.11 Answering paragraph 7.11 of Plaintiff's Complaint, Defendants lack sufficient knowledge or information to admit or deny the allegations related to Plaintiff's state of mind, and therefore deny the same. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph, and therefore deny the same.

7.12 Answering paragraph 7.12 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph as written.

7.13 Answering paragraph 7.13 of Plaintiff's Complaint, the allegation regarding an "undue burden" calls for a legal conclusion for which no response is required and on that basis Defendants deny. Defendants lack sufficient knowledge or information to admit or deny the allegations related to Plaintiff's alleged knowledge, and therefore deny the same.

7.14 Answering paragraph 7.14 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph as written.

7.15 Answering paragraph 7.15 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore deny the same.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

7.16 Answering paragraph 7.16 of Plaintiff's Complaint, Defendants deny that they engaged in disability discrimination and deny the allegations in this paragraph as written.

**VIII. FIRST CLAIM FOR RELIEF**
**(Violations of RCW 49.12.020 and WAC 296-126-092 – Failure to Provide Rest Breaks)**
**(Brought on behalf of Plaintiff and the Class)**

8.1 Answering paragraph 8.1 of Plaintiff's Complaint, Defendants reallege and incorporate by reference their responses to the prior allegations herein.

8.2 Answering paragraph 8.2 of Plaintiff's Complaint, the referenced statute, RCW 49.12.010, speaks for itself, and thus the paragraph does not require a response. To the extent that any allegations are inconsistent with the text of the statute, Defendants deny them.

8.3 Answering paragraph 8.3 of Plaintiff's Complaint, the referenced statute, RCW 49.12.020, speaks for itself, and thus the paragraph does not require a response. To the extent that any allegations are inconsistent with the text of the statute, Defendants deny them.

8.4 Answering paragraph 8.4 of Plaintiff's Complaint, the referenced statute and regulation, RCW 49.12.005 and WAC 296-126-002, respectively, speak for themselves, and thus the paragraph does not require a response. To the extent that any allegations are inconsistent with the text of the statute or regulation, Defendants deny them.

8.5 Answering paragraph 8.5 of Plaintiff's Complaint, this paragraph contains what is purported to be recitations of the law, which do not require a response. To the extent a response is required, Defendants deny such recitations to the extent they are inconsistent with Washington law.

8.6 Answering paragraph 8.6 of Plaintiff's Complaint, this paragraph contains what is purported to be recitations of the law, which do not require a response. To the extent a response is required, Defendants deny such recitations to the extent they are inconsistent with Washington law.

8.7 Answering paragraph 8.7 of Plaintiff's Complaint, this paragraph contains what is purported to be recitations of the law, which do not require a response. To the extent a response is



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

required, Defendants deny such recitations to the extent they are inconsistent with Washington law.

8.8 Answering paragraph 8.8 of Plaintiff's Complaint, this paragraph contains what is purported to be recitations of the law, which do not require a response. To the extent a response is required, Defendants deny such recitations to the extent they are inconsistent with Washington law.

8.9 Answering paragraph 8.9 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

8.10 Answering paragraph 8.10 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

## IX. SECOND CLAIM FOR RELIEF
**(Violations of RCW 49.12.020 and WAC 296-126-092 – Failure to Provide Meal Periods)**
**(Brought on behalf of Plaintiff and the Class)**

9.1 Answering paragraph 9.1 of Plaintiff's Complaint, Defendants reallege and incorporate by reference their responses to the prior allegations herein.

9.2 Answering paragraph 9.2 of Plaintiff's Complaint, the referenced statute, RCW 49.12.010, speaks for itself, and thus the paragraph does not require a response. To the extent that any allegations are inconsistent with the text of the statute, Defendants deny them.

9.3 Answering paragraph 9.3 of Plaintiff's Complaint, the referenced statute, RCW 49.12.020, speaks for itself, and thus the paragraph does not require a response. To the extent that any allegations are inconsistent with the text of the statute, Defendants deny them.

9.4 Answering paragraph 9.4 of Plaintiff's Complaint, the referenced statute and regulation, RCW 49.12.005 and WAC 296-126-002, respectively, speak for themselves, and thus the paragraph does not require a response. To the extent that any allegations are inconsistent with the text of the statute or regulation, Defendants deny them.

9.5 Answering paragraph 9.5 of Plaintiff's Complaint, this paragraph contains what is purported to be recitations of the law, which do not require a response. To the extent a response is



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

required, Defendants deny such recitations to the extent they are inconsistent with Washington law.

9.6 Answering paragraph 9.6 of Plaintiff's Complaint, this paragraph contains what is purported to be recitations of the law, which do not require a response. To the extent a response is required, Defendants deny such recitations to the extent they are inconsistent with Washington law.

9.7 Answering paragraph 9.7 of Plaintiff's Complaint, this paragraph contains what is purported to be recitations of the law, which do not require a response. To the extent a response is required, Defendants deny such recitations to the extent they are inconsistent with Washington law.

9.8 Answering paragraph 9.8 of Plaintiff's Complaint, this paragraph contains what is purported to be recitations of the law, which do not require a response. To the extent a response is required, Defendants deny such recitations to the extent they are inconsistent with Washington law.

9.9 Answering paragraph 9.9 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

9.10 Answering paragraph 9.10 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

## X. THIRD CLAIM FOR RELIEF
**(Violation of RCW 49.46.130 – Failure to Pay Overtime Wages)**
**(Brought on behalf of Plaintiff and the Class)**

10.1 Answering paragraph 10.1 of Plaintiff's Complaint, Defendants reallege and incorporate by reference their responses to the prior allegations herein.

10.2 Answering paragraph 10.2 of Plaintiff's Complaint, the referenced statute, RCW 49.46.130, speaks for itself, and thus the paragraph does not require a response. To the extent that any allegations are inconsistent with the text of the statute, Defendants deny them.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

10.3 Answering paragraph 10.3 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

10.4 Answering paragraph 10.4 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

## XI. FOURTH CLAIM FOR RELIEF
**(Violation of RCW 49.46.090 – Payment of Wages Less Than Entitled)**
**(Brought on behalf of Plaintiff and the Class)**

11.1 Answering paragraph 11.1 of Plaintiff's Complaint, Defendants reallege and incorporate by reference their responses to the prior allegations herein.

11.2 Answering paragraph 11.2 of Plaintiff's Complaint, the referenced statutes, RCW 49.46.090 and RCW 49.46.010, speak for themselves, and thus the paragraph does not require a response. To the extent that any allegations are inconsistent with the text of the statutes, Defendants deny them.

11.3 Answering paragraph 11.3 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

11.4 Answering paragraph 11.4 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

## XII. FIFTH CLAIM FOR RELIEF
**(Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)**
**(Brought on behalf of Plaintiff and the Class)**

15.1[2] Answering paragraph 15.1 of Plaintiff's Complaint, Defendants reallege and incorporate by reference their responses to the prior allegations herein.

15.2 Answering paragraph 15.2 of Plaintiff's Complaint, the referenced statute, RCW 49.52.050(2), speaks for itself, and thus the paragraph does not require a response. To the extent that any allegations are inconsistent with the text of the statute, Defendants deny them.

---

[2] Plaintiff's complaint moves from paragraph 11.4 in Section XI and then moves to paragraph 15.1 in Section XII, therefore the answer to the complaint shall follow the numbered paragraphs to ensure there is no confusion.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

15.3 Answering paragraph 15.3 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

15.4 Answering paragraph 15.4 of Plaintiff's Complaint, this paragraph contains what is purported to be recitations of the law, which do not require a response. To the extent a response is required, Defendants deny such recitations to the extent they are inconsistent with Washington law.

15.5 Answering paragraph 15.5 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

## XIII. SIXTH CLAIM FOR RELIEF
**(Violation of WAC 296-126-023 – Failure to Pay All Wages Due at Established Pay Periods)**
**(Brought on behalf of Plaintiff and the Class)**

16.1 Answering paragraph 16.1 of Plaintiff's Complaint, Defendants reallege and incorporate by reference their responses to the prior allegations herein.

16.2 Answering paragraph 16.2 of Plaintiff's Complaint, this paragraph contains what is purported to be recitations of the law, which do not require a response. To the extent a response is required, Defendants deny such recitations to the extent they are inconsistent with Washington law.

16.3 Answering paragraph 16.3 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

16.4 Answering paragraph 16.4 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

16.5 Answering paragraph 16.5 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

16.6 Answering paragraph 16.6 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

## XIV. SEVENTH CLAIM FOR RELIEF

**(Violations of RCW 49.60.30 – Discrimination on the Basis of Disability)**
**(Brought on behalf of Plaintiff individually)**

16.1[3] Answering paragraph 16.1 of Plaintiff's Complaint, Defendants reallege and incorporate by reference their responses to the prior allegations herein.

16.2 Answering paragraph 16.2 of Plaintiff's Complaint, this paragraph contains what is purported to be recitations of the law, which do not require a response. To the extent a response is required, Defendants deny such recitations to the extent they are inconsistent with Washington law.

16.3 Answering paragraph 16.3 of Plaintiff's Complaint, this paragraph contains what is purported to be recitations of the law, which do not require a response. To the extent a response is required, Defendants deny such recitations to the extent they are inconsistent with Washington law.

16.4 Answering paragraph 16.4 of Plaintiff's Complaint, this paragraph contains what is purported to be recitations of the law, which do not require a response. To the extent a response is required, Defendants deny such recitations to the extent they are inconsistent with Washington law.

16.5 Answering paragraph 16.5 of Plaintiff's Complaint, the allegations in this paragraph call for a legal conclusion for which no response is required and on that basis Defendants deny. Defendants are without sufficient knowledge or information to admit or deny the allegations related to Plaintiff's alleged ankle injury, and therefore deny the same.

16.6 Answering paragraph 16.6 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

16.7 Answering paragraph 16.7 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

---

[3] Plaintiff's complaint repeats the numbering in Section XIV that was in Section XIII, therefore the answer to the complaint shall follow the numbered paragraphs to ensure there is no confusion.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

16.8 Answering paragraph 16.8 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

16.9 Answering paragraph 16.9 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

**PLAINTIFF'S PRAYER FOR RELIEF**

Answering Plaintiff's Prayer for Relief, Defendants deny that Plaintiff and the putative class members are entitled to any of the damages asserted in Plaintiff's Prayer for Relief, including subparagraphs A-H.

**GENERAL DENIAL**

Any allegations or statements in the Complaint that are not expressly admitted herein are denied by Defendants.

**DEFENDANTS' AFFIRMATIVE DEFENSES & DEFENSES**

By way of further answer to Plaintiff's Complaint, Defendants assert the following defenses:

1. Class action treatment is not appropriate, and no class should be certified, as Plaintiff has not met and cannot meet the requirements of CR 23. This failure, includes, without limitation, that Plaintiff cannot prove the joinder of members is impracticable; that common questions of fact and law exist or predominate; that their claims, defenses, or damages are typical of the alleged class; that they can adequately represent the rights of others; and that a class action is superior to other available methods to adjudicate these matters.

2. Plaintiff's Complaint fails to allege sufficient facts to state a claim upon which relief can be granted because Plaintiff and the putative class members have not suffered an injury in fact.

3. Based on information and belief and to be further revealed through investigation and discovery, Defendants allege that Plaintiff and/or any purported class member, if any, have failed to make reasonable efforts to mitigate the damages claimed in the Complaint.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

4. Plaintiff's alleged claims and/or damages or those of any purported class member, if any, are barred in whole or in part by the applicable statute of limitations.

5. Plaintiff's alleged claims and/or damages or those of any purported class member, if any, are barred in whole or in part by failure to exhaust their internal and/or administrative remedies.

6. Plaintiff's alleged injuries and damages or those of any purported class members, if any, were caused or contributed to by their own acts, omissions, breaches of contract, and/or misconduct.

7. Plaintiff's alleged injuries and damages, if any, may have been caused or contributed to by the acts, omissions, breaches of legal duties, and/or misconduct of third parties, over whom Defendants have no control.

8. Plaintiff's alleged claims or those of any purported class member, if any, are barred in whole or in part by assumption of risk; consent; estoppel; laches; unclean hands; waiver; payment and/or accord and satisfaction.

9. Defendants' agreements, policies, and procedures, and collective bargaining agreement, are and were at all times in conformity with common and statutory law, governmental regulations, and industry standards that existed during the relevant time period.

10. Plaintiff's claims and/or those of the class they purport to represent are barred because Plaintiff lacks standing to assert, in whole or in part, the claims set forth in the Complaint.

11. Plaintiff's alleged claims or those of any purported class member, if any, asserted in the Complaint are frivolous and without merit such that Defendants should be awarded their costs and attorneys' fees.

12. Plaintiff's alleged claims are barred because all of Defendants' actions with respect to him were taken solely for legitimate, nondiscriminatory, business-related reasons.

13. Plaintiff's claims, or those of any purported class member, if any, are barred in whole or in part because Defendants acted in good faith and with proper justification at all relevant



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

times.

14. Plaintiff's alleged claims are barred in whole or in part because he voluntarily participated in, consented to, and/or welcomed some or all of the alleged conduct.

15. Plaintiff's alleged damages are barred in whole or in part because he failed to request reasonable accommodations or to engage in the interactive process.

16. Plaintiff's alleged damaged are barred in whole or in part because he could not perform the essential functions of his job with or without accommodations.

17. Defendants reserve their right to amend this Answer to allege additional affirmative defenses and pursue other relief as may be warranted by discovery.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, having fully answered the allegations in the Complaint and having asserted its affirmative defenses, Defendants pray that:

A. The Court deny certifying a class pursuant to CR 23 as requested by Plaintiff;

B. Plaintiff and the purported class members take nothing from this Complaint;

C. The Court dismiss all claims asserted in this Complaint against Defendants with prejudice;

D. The Court award to Defendants the attorneys' fees, costs, and expenses incurred by Defendants to defend against the claims asserted in the Complaint; and

E. For such other and further relief as this Court deems just and equitable.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

Dated: October 7, 2026

By: *s/ Sarah N. Turner*

Sarah N. Turner, WSBA No. 37748
Timothy H. Campbell, WSBA No. 46764
GORDON REES SCULLY MANSUKHANI
701 Fifth Avenue, Suite 2100
Seattle, WA k98104
Phone: (206) 695-5100
sturner@grsm.com
tcampbell@grsm.com

*Attorneys for GP Defendants*

**CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the United States and the State of Washington that on October 7, 2026, the foregoing document was served upon the following parties in the manner indicated below:

| | |
|---|---|
| Danielle E. Kim, WSBA No. 54154<br>Adarsh N. Parthasarathy, WSBA No. 62319<br>Cassandra Lenning, WSBA No. 54336<br>Bibiyan Law Group, PC<br>701 Fifth Avenue, 42nd Floor<br>Seattle, WA 98104<br>Phone: (310) 438-5555<br>dkim@tomorrowlaw.com<br>aparthasarathy@tomorrowlaw.com<br>clenning@tomorrowlaw.com | ☐ U.S. Mail, Postage Prepaid<br>☐ Legal Messenger<br>☐ E-Mail<br>☑ CM/ECF |

*Attorneys for Plaintiff*

Dated: October 7, 2026

*s/ Marry Marze*
Marry Marze, Legal Assistant



**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822